**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **OMAR ANTONIO LOPEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-489-RAH-CWB** |
| | ) | |
| **BRANCH MESSENGER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. Introduction

Lopez filed this action on June 17, 2026 (Doc. 1) in a *pro se* capacity and sought leave to proceed *in forma pauperis* (Doc. 8). By Order dated June 30, 2026 (Doc. 9), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the undersigned entered an Order on July 7, 2026 directing Lopez to file an Amended Complaint and setting out what information should be included to remedy the initial pleading deficiencies. (Doc. 12 at pp. 4-6). And Lopez was cautioned that "**his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed**." (*Id.* at p. 7) (bold in original). Although Lopez now has filed an Amended Complaint (Doc. 16), the allegations remain insufficient to survive § 1915(e) review.[1]

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. Pleading Requirements

Review under 28 U.S.C. § 1915(e) begins with an analysis of whether a complaint complies with the pleading standards applicable to all civil actions filed in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'") (citations omitted). To state a claim for relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint thus should contain a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359,1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is

subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). A *pro se* litigant therefore must comply with the Rule 8 requirement to file a "short and plain statement" showing an entitlement to relief. Fed. R. Civ. P. 8(a)(1)-(3).

## III. Discussion

In the court's July 7, 2026 Order to replead, Lopez was "cautioned that the only issues before the court will be those raised in the Amended Complaint and that he will not be permitted to rely upon any allegations in the original Complaint that are not specifically included in the Amended Complaint." (Doc. 12 at p. 7) (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). The court also provided Lopez with the following specific instructions to cure his pleading deficiencies:

a. the Amended Complaint must clearly identify all federal and state causes of action that Lopez is attempting to assert;

b. the Amended Complaint must include a short and plain statement of the basis for subject matter jurisdiction, *i.e.*, identify any federal authority giving rise to Lopez's claim(s) or allege sufficient facts to support diversity jurisdiction, which must include the citizenship of each party;

c. the Amended Complaint must contain factual allegations about the defendant's conduct (*i.e.*, what actions the defendant took that constitute the claim(s) being alleged), clearly indicating which factual allegations provide support for which claim(s);

d. the Amended Complaint must provide the legal basis that allegedly renders the defendant's conduct actionable;

e. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and each claim must be stated in a separate count;

f. the Amended Complaint must include the relevant dates and locations of the conduct at issue;

g. the Amended Complaint must describe how Lopez has been harmed and must contain a demand explaining the relief sought; and

h. the Amended Complaint must be executed by Lopez consistent with Rule 11 of the Federal Rules of Civil Procedure.

(*Id*. at pp. 5-6) (footnotes omitted). The Amended Complaint as submitted by Lopez, however, does not comply with those specific instructions. (*See* Doc. 16).

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306; *see also Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo*, 864 F.2d at 102 (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original). Because the Amended Complaint (Doc. 16) is non-compliant with the court's instructions, the undersigned concludes that a dismissal without prejudice is appropriate.

Moreover, the Amended Complaint lacks sufficient factual allegations to give rise to a plausible claim. (*See* Doc. 16 at pp. 1-4). Even construed most liberally, the only substantive allegation is that "Branch Messenger, Inc., as parent company, permitted the sudden and wrongful termination of Plaintiff's account—active since 2023—exclusively in response to ongoing federal litigation, failing to prevent the subsidiary's unlawful suppression of financial records." (*Id*. at p. 1). Although the Amended Complaint cites to 18 U.S.C. § 1519 (*see* Doc. 16 at p. 2, ¶ 3), that provision imposes criminal liability and does not create a civil right of action. *See, e.g., Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (affirming district court's finding that 18 U.S.C. § 1519 does not afford a private right of action and district court's dismissal of the case for failure to state a claim). *See also Gupte v. Davis*, No. 3:21-cv-880, 2023 WL 362907, at *5 (D. Conn. Jan. 23, 2023) ("[T]he defendants' motion must nonetheless be granted because 18 U.S.C. § 1519 does not provide for a private cause of action."); *Smith v. Lynn*, No. 18-1415, 2019 WL 2410856, at *11 n.12 (D. Del. June 7, 2019) ("There is no private right of action under 18 U.S.C. § 1519."); *Antonelli v. Kennedy Hosp.*, No. 17-13780, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018) ("Antonelli has pleaded a violation of 18 U.S.C. § 1519, a federal criminal statute that does not confer a private right of action."); *Bratset v. Davis Joint Unified Sch. Dist.*, No. 2:16-cv-35, 2017 WL 6484308, at *4 (E.D. Cal. Dec. 19, 2017) ("18 U.S.C. § 1519 is a federal criminal statute that does not provide a private right of action."). And to the extent the Amended Complaint cites to 18 U.S.C. § 1962 (*see* Doc. 16 at p. 2, ¶ 4), it is wholly lacking in factual and legal allegations sufficient to support a potential RICO claim, *i.e.*, its allegations of "enterprise" and "pattern of racketeering activity" are entirely superficial and conclusory. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also* 18 U.S.C. §§ 1961(1), (4) & (5).

In short, the Amended Complaint fails to "give the defendant fair notice of what [each] ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Edge v. Daechang Seat Corp. USA*, No. 3:23-cv-684, 2024 WL 1321072, at *1 (M.D. Ala. Mar. 27, 2024) ("But if the facts in the complaint 'do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief,"' and the complaint must be dismissed.") (citations omitted).

## IV. Conclusion

Given the pleading deficiencies described above, which are not in keeping with the court's July 7, 2026 Order (Doc. 12) or the Federal Rules of Civil Procedure, the Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice. The Magistrate Judge further **RECOMMENDS** that all other pending motions (Docs. 7 & 15) be denied as moot.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **August 17, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 3rd day of August 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**