IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00489-RAH-CWB |
| | ) | |
| BRANCH MESSENGER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND FINAL JUDGMENT**

On June 17, 2026, Omar Antonio Lopez,[1] pro se, filed this action against Branch Messenger, Inc. after Branch Messenger, Inc. apparently locked Lopez out of some sort of account with Branch Messenger, Inc. (Doc. 1.) Lopez subsequently amended his complaint (*see* doc. 16) after being ordered to do so (*see* doc. 12) by the Magistrate Judge.

On August 3, 2026, upon review of the amended complaint under 28 U.S.C. § 1915(e), the Magistrate Judge recommended that this case be dismissed without prejudice for failure to comply with the Magistrate Judge's directive to file a amended complaint that addressed the pleading deficiencies identified by the Magistrate Judge and because Lopez's amended complaint still failed to state plausible claims for relief. Lopez subsequently filed another amended complaint (*see* doc. 18) and an objection (*see* doc. 19).

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district

[1] Lopez describes himself as "a living man, an aboriginal coppertone man from the tribe of Judah," with sui juris status (doc. 1 at 3), and an "Architect" and "Originator" with "eternal standing" under "The Joseph Protocol" (doc. 3).

judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

In his objection, Lopez says little about how the Magistrate Judge erred in his recommendation. Instead, Lopez broadly references a transactional relationship and the termination of an account during federal litigation pending elsewhere. He also seeks de novo review and voices his non-consent to the jurisdiction of the Magistrate Judge. Lopez's assertions do not demonstrate error on the Magistrate Judge's part, nor do they show how Lopez's operative complaint states a claim upon which relief can be granted.

Further, Lopez's second amended complaint (doc. 18), which was filed after the Magistrate Judge's Recommendation, suffers from the same infirmities as his previous versions, so allowing that filing would be futile. Indeed, Lopez's continued assertion of liability under 18 U.S.C. § 1519 fails to state a claim because, as the Magistrate Judge previously noted, there is no private right of action under that statute. And further, to the extent Lopez continues to try to broadly assert a RICO claim, his second amended complaint remains woefully inadequate under the *Twombly* and *Iqbal* pleading standards and the heightened pleading requirements for a RICO claim if Lopez intends to proceed under a fraud-like theory, *see Miccosukee Tribe of Indians of Florida v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015).

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. Plaintiff's Objection (doc. 19) is **OVERRULED**;
2. The Recommendation (doc. 17) is **ADOPTED**;
3. Plaintiff's *Demand For Final Judgment And Notice of Enterprise Liability and Consolidated Procedural Record* (doc. 15) is **DENIED** as moot;
4. Plaintiff's *Motion to Consolidate Actions* (doc. 7) is **DENIED** as moot;
5. All other requested relief is **DENIED**;
6. Final Judgment is entered in favor of Defendants, and against Plaintiff;
7. This case is **DISMISSED** without prejudice, each party to bear their own costs; and,
8. The Clerk of the Court is **DIRECTED** to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE** on this the 21st day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE