IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. NO. 2:26-cv-00489-RAH |
| | ) | |
| BRANCH MESSENGER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Motion to Alter or Amend Judgment*. (Doc. 21.) Plaintiff also filed a related Amended Complaint without leave of court. (Doc. 22.) Construed liberally, the two filings seek to reopen the action and for leave to amend. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining pro se pleadings must be liberally construed).

**BACKGROUND**

Plaintiff, who proceeds pro se and in forma pauperis, filed his original Complaint on June 17, 2026. (Doc. 1.) After reviewing the Complaint pursuant to 28 U.S.C. § 1915(e), the Magistrate Judge ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. (Doc. 12.) The Magistrate Judge specifically noted Plaintiff failed to plead a statement of his claim and jurisdiction. (*Id.*) In response, Plaintiff filed his First Amended Complaint. (Doc. 16.) The Magistrate Judge found the First Amended Complaint failed to cure the identified inadequacies and recommended Plaintiff's claims be dismissed without prejudice. (Doc. 17.) The Court adopted the Recommendation and dismissed the case without prejudice. (Doc. 20.)

Plaintiff then filed his *Motion to Alter or Amend Judgment* pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. 21.) In the *Motion*, Plaintiff requests that the Court vacate its Final Judgment and allow the case to proceed with the Second Amended Complaint (doc. 22) as the operative pleading. (Doc. 21 at 2-3.)

**LEGAL STANDARD**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The decision to grant or deny a Rule 59(e) motion is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). A motion to reconsider is an extreme measure that should be used in order to prevent "manifest injustice." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 945 (11th Cir. 2022). Thus, a successful Rule 59(e) motion ordinarily requires a showing "of clear and obvious error [where] the interests of justice demand ... correcti[on]." *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"The only grounds for granting a motion to alter or amend a judgment are newly discovered evidence or manifest errors of law or fact." *King v. King*, 69 F.4th 738, 741 n.2 (11th Cir. 2023) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see also PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021). A manifest error is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law" or the credible evidence in the record. *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

Under Rule 60(b), the Court may relieve a party from a final judgment for specific grounds.[1] FED. R. CIV. P. 60(b). While "final judgments should [not] be

[1] Those grounds are:

(1) mistake, inadvertence, surprise, or excusable neglect;

lightly reopened," "Rule 60(b) has vested the district courts with the power to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). A Rule 60(b) motion is "directed to the sound discretion of the district court[.]" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). And a district court is justified in denying Rule 60(b) relief when it is supported by allegations that are vague and conclusory. *See White v. United States*, 850 F. App'x 689, 696 (11th Cir. 2021) (upholding district court's denial of Rule 60(b) motion when allegations were vague and conclusory); *Springman v. City of Venice*, 439 F. App'x 861, 866 (11th Cir. 2011) (same).

**DISCUSSION**

In his *Motion*, Plaintiff argues the Court should vacate its judgment to prevent a manifest injustice by allowing Plaintiff to amend his complaint to cure pleading deficiencies. (Doc. 21 at 2.) Plaintiff further asserts the Second Amended Complaint (doc. 22) corrects prior pleading issues and narrows the case such that it should be permitted to proceed. (Doc. 21 at 2.) Plaintiff fails to identify any new evidence, an intervening change in relevant law, or a manifest error of law or fact. *See King*, 69 F.4th at 741 n.2 (noting grounds for granting a Rule 59(e) motion). Therefore, Plaintiff has failed to identify grounds for altering the judgment.

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Plaintiff's argument under Rule 60(b) is essentially the same. Without identifying one of the specific grounds for relief from the judgment, Plaintiff asserts relief is proper because of the early stage of the case and his ability to cure the pleading deficiencies. (Doc. 21 at 2-3.) Construed liberally, Plaintiff's Rule 60(b) motion falls under the Rule's "catchall" provision—Rule 60(b)(6)—that allows a district court to reopen a case for "any other reason that justifies relief." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting FED. R. CIV. P. 60(b)(6)). Relief under the "catch-all provision" of Rule 60(b)(6) is an "extraordinary remedy," and the party invoking it must show "exceptional circumstances" and that, "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680 (citations omitted). Plaintiff has failed to demonstrate the existence of exceptional circumstances, and therefore the motion must be denied.

Even if there were an adequate basis for granting Plaintiff's *Motion* under Rules 59(e) or 60(b), Plaintiff's proposed Second Amended Complaint fails to cure the previously identified deficiencies. The proposed Second Amended Complaint alleges Defendant charged Plaintiff an account dormancy fee and instituted new identify verification processes, which hinder Plaintiff's ability to access the account. (Doc. 22 at 2-3.) Nevertheless, the proposed pleading does not lay out a cognizable theory of recovery, whether under contract, tort, or statute. (*Id.* at 3.) The proposed Second Amended Complaint also pleads diversity jurisdiction but fails to include Defendant's citizenship or any facts supporting the conclusory allegation that the amount-in-controversy requirement is met. (*Id.* at 2.) Furthermore, nothing in the pleading supports the conclusory allegation that venue is proper because "a substantial part of the events giving rise to the claim occurred" in this District, particularly given that Plaintiff resides in Tennessee and no information regarding Defendant's citizenship or place of business was provided. (*Id.* at 2.) Therefore, even if amendment was permitted, the Court would be required to dismiss the Second

Amended Complaint due to lack of jurisdiction and failure to state a claim. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (explaining the Court must dismiss a claim sua sponte if it lacks subject matter jurisdiction); 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of in forma pauperis plaintiff's complaint if the court determines it fails to state a claim). As such, allowing the amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (explaining that a district court may deny leave to amend where amendment would be futile).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's *Motion* (doc. 22) is **DENIED**.

**DONE** and **ORDERED** on this the 22nd day of September 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE